United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Steven R. Lowe,
                Debtor.
_____/

Case No. 11-44416-R
Chapter 7

Sheehan & Assoc. PLC,
                Plaintiff,

v.

Adv. No. 11-5559

Steven R. Lowe,
                Defendant.
_____/

Opinion Regarding Defendant's Motion for Summary Judgment

Steven R. Lowe filed for chapter 7 relief on February 22, 2011. On May 13, 2011, Lowe's former attorney, Sheehan & Assoc. PLC, filed a complaint to determine dischargeability of debt under 11 U.S.C. § 523(a)(2)(A) and (B) and for denial of discharge pursuant to 11 U.S.C. § 727(a)(3), (4), and (7).

Lowe, his parents and their family business had been long-term clients of Sheehan & Assoc. since 1999. Sheehan & Assoc. alleges Lowe induced it to continue providing legal services by promising, orally and in writing, that he would pay for the services when he never had any intention of doing so. The amount owed is $196,536.27 for services related to Lowe's divorce proceedings and criminal matters.

Sheehan & Assoc. also alleges in the complaint that Lowe regularly receives income from his parents and/or his parents' business and has failed to report that income on his schedules. Further, Sheehan & Assoc. alleges that Lowe received money from his parents to retain bankruptcy

counsel, but did not reveal that on his schedules.

Sheehan also alleges that Lowe mischaracterized its debt as a business debt so that he would not have to complete the means test.

Lowe has filed a motion for summary judgment. Sheehan has filed a response. The Court concludes that oral argument is not necessary to resolve the motion. For the reasons stated below, the motion is granted in part and denied in part.

II.

In support of his motion for summary judgment, Lowe argues that Sheehan & Assoc. admitted in prior court testimony that it did not rely on any statements by Lowe regarding his ability or intention to pay the legal bills. Lowe contends that his parents always paid his legal bills and that Sheehan & Assoc. assumed Lowe's parents would pay the legal bills for his divorce, when they actually had no intention of doing so. Lowe relies on the fact that Sheehan & Assoc. initially sued Lowe's parents and their company in state court for the payment of Lowe's legal fees. In that suit Sheehan & Assoc. essentially argued that it would never have extended credit to Lowe because he was a high school dropout whose only meaningful employment was for his father.

As to Sheehan & Assoc.'s allegations for a denial of the discharge, Lowe contends that Sheehan & Assoc. made the same claims in support of its motion to dismiss the case under § 707(b)(2) and (b)(3), which the Court denied. Lowe contends that he amended his schedules and that Sheehan & Assoc. was not prejudiced in any way.

In response to the motion for summary judgment, Sheehan & Assoc. contends that Lowe induced it to continue to provide legal services by promising to pay with certain assets, including liquidating his 401(k) account. Sheehan & Assoc. also contends that Lowe assured it that his family

2

would make sure that Sheehan & Assoc. was paid.

As to the § 727 count, Sheehan & Assoc. asserts that Lowe only amended his schedules to include his parents as creditors after being confronted with the omission. Further, Sheehan & Assoc. contends that Lowe initially scheduled its debt as a business debt and later amended the schedules to list it as a "lawsuit-non consumer" when it is actually a consumer debt. Sheehan & Assoc. also asserts that Lowe admitted at the § 707 hearing that he did not know how much he owed his parents because he did not keep records and that he did not schedule loan payments he had been making to his parents.

### III.

### A.

Under 11 U.S.C. § 523(a)(2)(A), a debt is nondischargeable if credit was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). If a statement is "respecting the debtor's or an insider's financial condition," however, it can only be found nondischargeable if 11 U.S.C. § 523(a)(2)(B) applies, and any such statement must be in writing. *See Willens v. Bones* (*In re Bones*), 395 B.R. 407, 429 (Bankr. E.D. Mich. 2008).

Sheehan & Assoc. alleges that the debt is non-dischargeable under both § 523(a)(2)(A) and (B), however, Sheehan & Assoc. does not indicate in either the complaint or its response to the motion for summary judgment exactly what written statement respecting Lowe's financial condition it relied upon. Accordingly, Lowe's motion for summary judgment as to § 523(a)(2)(B) is granted.

To except a debt from discharge under § 523(a)(2)(A) a creditor must prove the following four elements: "(1) the debtor obtained money [or services] through a material misrepresentation

that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss." *Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 280-81 (6th Cir.1998) (footnote omitted).

The Court concludes that there are genuine issues of material fact regarding this claim. Sheehan & Assoc. contends that it relied upon Lowe's assurances that he would pay his attorney fees and that he would cash in his 401(k) account to do so.

B.

The complaint seeks the denial of discharge under § 727(a)(3), (4), and (7). Those sections provide:

> (a) The court shall grant the debtor a discharge unless:
>
>> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
>>
>> (4) the debtor knowingly and fraudulently, in or in connection with the case--
>>
>>> (A) made a false oath or account;
>>> (B) presented or used a false claim;
>>> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>>> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
>
> * * * *

4

> (7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

11 U.S.C.A. § 727(a)(3), (4), (7).

In support of its § 727(a)(3) claim, Sheehan & Assoc. contends that Lowe failed to keep any financial records and does not know how much money he owes his parents. Lowe merely argues that Sheehan & Assoc. has failed to state a claim. The Court concludes that there are genuine issues of material fact as to this claim.

In support of its § 727(a)(4) claim, Sheehan & Assoc. contends that Lowe scheduled its debt for attorney fees as a non-consumer debt, Lowe failed to list his parents as creditors, Lowe misrepresented the source of payments to his bankruptcy attorneys, and Lowe failed to list loan payments he was making to his parents.

In his motion for summary judgment, Lowe asserts that he amended his schedules to correct the deficiencies. However, amending his schedules in response to an action for denial of the discharge cannot exonerate Lowe if he did violate § 727(a)(4). Accordingly, Lowe's motion for summary judgment as to § 727(a)(4) is denied.

Section 727(a)(7) is not applicable because there was not a prior case. Accordingly, Lowe's request for summary judgment as to the § 727(a)(7) claim is granted.

Not for Publication

**Signed on February 02, 2012**

                                              **/s/ Steven Rhodes**
                                              **Steven Rhodes**
                                              **United States Bankruptcy Judge**